FINAL REPORT[1]


*Revision of the <u>Comments</u> to Pa.Rs.Crim.P. 900 and 901*


PETITIONS INVOKING EXCEPTIONS TO THE TIME LIMITATIONS OF THE PCRA

---

On October 1, 2019, effective immediately, upon the recommendation of the Criminal Procedural Rules Committee, the Court revised the *Comments* to Rule 900 (Scope; Notice in Death Penalty Cases) and Rule 901 (Initiation Of Post-Conviction Collateral Proceedings) to reflect changes in the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*, regarding the timing for raising exceptions to the Act's one-year limitation for filing the petition.

This rule change is a technical correction to the *Comments* to Rule 900 and 901. The Post Conviction Relief Act provides that petitions for post-conviction relief must be filed within one year of the date that the judgment becomes final but also provides for exceptions to this time limitation.  *See* 42 Pa.C.S. § 9545(b)(1).  The time limit for raising these exceptions is contained in 42 Pa.C.S. §9545(b)(2).  In 1995, the limitations were set at 60 days of the date when the claim could have been presented.  In December 2018, this statutory section was amended to increase the time limitation for raising the exception from 60 days to one year.

The *Comments* to Rules 900 (Scope; Notice in Death Penalty Cases) and 901 (Initiation of Post-Conviction Collateral Proceedings) reference Section 9545(b)(2) but contain the earlier 60-day time limitation rather than the current one-year time limitation. The Committee concluded that the *Comments* to these rules should be updated. Rather than change the specific time, the Committee believed it better to provide a cross-reference that did not contain the specific time limitation in the statute.  In that way, the *Comment* would not need to be revised if the time limitation in the statute is amended again.  Therefore, the following language containing the specific time limitation has been replaced with the statement, "For time limits for filing a petition for post-conviction relief and any exceptions, see 42 Pa.C.S. § 9545(b)."

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules.  Also, note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.